**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4710**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE REMEDIO GONZALEZ REYES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:16-cr-00416-RDB-2)

Submitted:  April 9, 2018                                             Decided:  May 3, 2018

Before GREGORY, Chief Judge, and WYNN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant.  Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Remedio Gonzalez Reyes pled guilty, pursuant to a written plea agreement, to food stamp fraud, in violation of 7 U.S.C. § 2024(b) (2012), and wire fraud, in violation of 18 U.S.C. § 1343 (2012). Following a remand for resentencing on the Government's uncontested motion, the district court sentenced Gonzalez Reyes to 12 months and 1 day of imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in declining to impose the same sentence that his codefendant received. Although notified of his right do so, Gonzalez Reyes has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295,

306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We discern no procedural error in this case. The district court correctly calculated Gonzalez Reyes' Guidelines range and allowed Gonzalez Reyes to argue for an appropriate sentence. Moreover, on resentencing, the court ensured that it did not allow Gonzalez Reyes' gender to influence its sentencing decision.

We further conclude that Gonzalez Reyes has failed to overcome the presumption of reasonableness accorded to his below-Guidelines sentence. The district court was rightfully concerned that Gonzalez Reyes' offense conduct harmed the most vulnerable members of society. Moreover, the district court reviewed several cases in which similar fraud defendants received lengthier sentences. Additionally, the district court did not err in considering the immigration consequences that resulted from Gonzalez Reyes' codefendant's sentence, which frustrated the district court's intent when it fashioned her sentence and stemmed from its desire to sentence the two Defendants in a manner that minimized the harm to their minor children.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Gonzalez Reyes, in writing, of the right to petition the Supreme Court of the United States for further review. If Gonzalez Reyes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gonzalez Reyes.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*